**ORIGINAL**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS FILED

AUG 2 2012

U.S. COURT OF
FEDERAL CLAIMS

ANDERSON, PHILIP; ARMSTRONG
PAUL; AVEY, JEFFREY; BACOLO
JAMES; BAKER, MICHAEL; BANKES
CHRISTOPHER; BEASLEY, WALTER;
BORDELON, BRIAN; BROPHY,
MICHAEL; BROWN, CHRISTOPHER;
BROWN, KEVIN; BURDEN, TOM;
BUSBY, JOE; CAUDILL, ANTHONY;
CLARK, SETH; CLEVINGER, ERIC;
CONWAY, DONALD; DARLOW,
STEPHEN; DEKLE, GEORGE; DIAZ
OSCAR; DODSON, NATHAN; DYER,
ANDREW; ECKERT, AMY; EDWARDS,
DANIEL; EVANS, JASON; EVERLY,
FRANKLIN; FEIGE MAXIMILLAN; FISHEL,
KEVIN; FLORES, EDUARDO; GRAY,
DAVID; GREENE, JASON; HAIGHT,
BENJAMIN; HALLIWELL, KEVIN;
HERRERA, GARY; HIRSCHEY,MARK;
HITE, JASON; HOLMES, ROBERT;
HOUSECOWDREY, LAINE; HUCIK
CHRISTOPHER; IRONS, CORY;
JETT, CHRISTOPHER; JOHNSON,
APRIL; JOHNSON JAMES; JONES, LEVI;
KILBOURNE, CHRISTOPHER;
KINCAID, JAMES; KLINGMAN,
NATHAN; KLOSTER, ERIK; KNAPP,
DAVID; KONG, AMADO; KRANTZ,
KYLE; KUCHTA, KENNETH;
KUZNICKI, CHRISTOPHER; LANE,
JAMARION; LASH, DAVID; LAYTON,
DONALD; LIGHTENBERG, TIMOTHIE;
LONG, JOEL; LORD, DANIEL; LYON,
NEIL; MADRIGAL, MAGUEL; MAILEY,
SEAN; MANSUETO, EUGENE; MOORE,
MICHAEL; MUNOZ, VALENTIN;
NIEDERMAYER, LAWRENCE; NEGRON,
GIOVANY; PARKS, JON; PARTIDO,
ALEXANDER; POORE, JEROMY;
RAGUNIONI, ALFREDO; RAMIREZ, JEFFERY;
RAYMOND, SHAWN; REEVES, BRYAN;

12 - 486 C

RICHARDS, MICHAEL; RIVERA, WILIAM;
ROBACK, LORIE; RODRIQUEZ, RAY;
RODRIGUEZ, RICHARD; ROMERO, JOSE
RUE, BRANDI; RUIZ-RIVERA, JOSHUA;
RUIZ, ALLEN; SAMIA, JOHN; SANDERS,
MICHAEL;  SANTOS, RICHARD; SCOTT,
WILLIAM; SEVERINO, FERNANDEZ;
SHEPHERD, CHRISTOPHER; SNOCK, DANIEL;
SPRIGGLE, SHAWN; STACY, JOHN;
STARKEY, CHRISTOPHER; STEELE, JAMES;
SZYMANKSI, DAVID; TAMEZ, SANTOS;
TREMBLAY, JASON; VASQUEZ, RAUL;
VERHALEN, JOSEPH; WALKER, WILLIAM;
WENZEL, BRADLEY;  WILSON, MICHAEL;
WOOTEN, ERIC; YAMADA, BRENT; YUAN,
LIN; YOUNG, CHRISTOPHER

**Plaintiffs**

VS.                                                          **CASE NO.**

**THE UNITED STATES**

**Defendant**

## COMPLAINT

COME NOW the Plaintiffs above named and each and for their cause of action against

the United States Navy (NAVY) allege and state:

I.

That the plaintiffs herein are enlisted persons in the NAVY of ranks of E5, E6 and E7

presently under contract and serving tours of duty.  Each Plaintiff is presently under a "term of

service" or tour, but is to be discharged as of September 1, 2012 in accordance with a directive

from the Enlisted Retention Board  (ERB) which is a sub agency created by Defendant.  This

action involves Federal contracts and this Court has jurisdiction over the parties and subject

matter.

2

Also within the provisions of 28 U.S.C. §1491 this Court has jurisdiction to hear the contractual claims of the Plaintiffs herein with the United States Navy.

On March 23, 2011 a memorandum "Secretary of Defense, Vice Chairman, Joint Chiefs of Staff" was sent by the Secretary of the Navy, Ray Mabus for notification of intent to convene "a quota based Enlisted Retention Board." (A copy of said Memorandum is marked "Exhibit A " attached hereto and made a part hereof)

By directive dated August 4, 2011 chief of naval personnel Vice Adm. Mark E. Ferguson ordered to convene "Phase I of the FY-12 Enlisted Retention Board to consider enlisted members of the navy with at least 7 and less than 15 years of service for retention on active duty" Said ERB Phase I was ordered to convene and navy personnel command, Millington, Tennessee at 0800, 22nd August, 2011, or as soon as practical thereafter." A copy of said Order and Directive including board membership and retention quotas being attached hereto, "Exhibit B, page 1" and made a part hereof.

By directive dated of the acting chief of naval personnel, Rear Adm. Donald P. Quinn, orders were issued to convene "Phase II of the FY-12 Enlisted Retention Board to consider enlisted members of the navy with at least 7 and less than 15 years of service for retention on active duty" and "Phase II of the FY-12 Enlisted Retention Board to consider enlisted members of the navy with at least 7 and less than 15 years of service for retention on active duty." respectively; Said ERB was ordered to convene and navy personnel command, Millington, Tennessee at 0800, 26th September, 2011, or as soon as practical thereafter." A copy of said Order and Directive being attached hereto, "Exhibit B page 9" and made a part hereof.

On 4 August, 2011, the chief of naval personal, by chief of Naval M.E. Ferguson, III, Vice Admiral, sent to the "President of the ERB a selection board guidance for the function and

3

membership of the ERB.   Said guidance had attached to it an appendix with enclosure 1 through F1 setting forth the parameters for the ERB membership to use in their selection.   A copy of such Selection Board Guidance is marked "Exhibit C", attached hereto and made a part hereof;

Thereafter Plaintiffs received a "Certificate of Release and Discharge from Active Duty" to be effective on or about September 1, 2012 ending their active duty.   Plaintiffs had further time on their tours, additional retirement status and seniority by reason of the added time on their tours and a continuation of Tricare medical benefits and quarters allowance at accorded by their service.         Defendant is prohibited by Title 10 U.S.C.A §1169 from discharging a sailor before their "term of service" has ended.

COUNT I

Under the Department of Defense Instruction 1332.14P, hereafter  called Exhibit D, any sailor that has more than six (6) years of total active and reserve military service has a right to request an Administrative Board Hearing upon notification of a discharge.   All the Plaintiffs herein have a term of service in excess of six (6) years.  Plaintiffs were "discharged before" their tour or term of service expired and Defendant refused to give them a hearing before such termination and continues to fail and refuse to give them a hearing.   Those Plaintiffs who made requests for a hearing were refused the same.   Plaintiffs and each of them, are entitled to a hearing before their termination and entitled to know the basis their termination.   It is each of plaintiff's right to a hearing according him by the DOD Regulations.  Each plaintiff has a right to receive "those procedural advantages to which they are entitled under the regulations."  Further Plaintiffs were entitled to know the reason for their termination, to wit:   Exhibit D (DoD Instruction 1332.14P, enclosure 2 subparagraph 2C(4):

**"Prescribe appropriate internal procedures for periodically**
**informing enlisted personnel about separation policy, the types**

4

**of separations, the basis for their issuance. . . "  (Emphasis ours)**

No Plaintiff herein has been offered an Administrative Hearing or a Hearing of any type nature to be confronted with the basis of his discharge.   Each Plaintiff is without information and knowledge of the basis for his selection in the discharge procedure that took place by the ERB. The ERB, has not allowed confrontation from any of the Plaintiffs and continues to refuse them a hearing.

## COUNT II

Plaintiffs herein were "discharged before" their tour or term of service expired and Defendant refused to give them a hearing before such termination.   Even those Plaintiffs who made requests for hearing were refused the same.    Plaintiffs and each of them are entitled to a hearing before their termination and were entitled to know the basis of their termination, but Defendant has failed and refused to present such to Plaintiffs and continues to fail and refuse to present such basis for their termination and to allow a hearing for each Plaintiff.

## COUNT III

That the termination of Plaintiffs was not legal and properly "prescribed" by the Secretary of the Navy.   By Title 10 U.S.C. §1169 only the Secretary of the Navy can prescribe a discharge before a term of service expires which is "one of the directions of this termination".

The Navy does not have an instruction for Administrative Separation and therefore as authority to separate cite Exhibit D (DoD Instruction 1332.14P, enclosure 3 subparagraph 2A(1)) as the basis of that separation authority which says a service member may be separated for the following reasons:

**"General demobilization or reduction in authorized strength."**

5

However, the Secretary of the Navy created the ERB only to rebalance individual career

fields within their Congressionally authorized end strength.

The ERB was not created for or ever designed for separation purposes of existent tours of

duty to achieve congressionally authorized force levels or grade distributions as Exhibit D

paragraph 4A(3) states. Especially is the ERB without authority when the manning levels are

below congressional mandated levels and strength. The ERB cannot be used as an alter ego for

purposes of terminating personnel such as the Plaintiffs prior to their term of service expiring for

any purpose of discharging personnel outside the parameters for which it was originally created.

The ERB acting as a sub agency in terminating Plaintiffs at will is illegal and not within the

meaning of the word "prescribed" as set forth in Title 10 U.S.C. §1169.

### COUNT IV

That in the "course of dealings" with the "terms of service" and tours of duty of navy

personnel in the past, sailors have been able to rely on the good faith of the Navy in fulfilling

their contracts with sailors.  Such reliance was used as security for the Plaintiffs herein for

purposes of fulfilling their careers in the Navy.  After relying on such conduct and coarse of

dealings the Defendant is estopped from denying the Plaintiffs their right to continuation and

fulfillment of their tours or terms of service.  Such estoppel should prevent the Defendant from

carrying out the present termination notices to Plaintiffs herein and all their terms of service and

tours of duty should be reinstated to exist in the same fashion as they did before Notice from the

ERB of the alleged and illegal terminations.

### COUNT V

That the failure to give an opportunity for a hearing or to be heard by each Plaintiff is a

violation of the 5th Amendment of the United States Constitution.  While such right is strictly

construed with respect to the Military and Navy, such right still exists on behalf of each Plaintiff

6

and must be protected individually.  Such right to be heard also includes Notice of the proper

basis for discharge which basis must be legal and in accordance with a "prescribed" basis by the

Secretary of the Navy.  However, the basis herein as announced by chief of naval personnel Vice

Admiral Mark E. Ferguson was to "rebalance the force"  which could mean anything that such

Admiral could want it to mean.  However, the later reason given was to reduce manning levels in

31 career fields those quotas of personnel that were over manned.  This was even though the

number of Navy Personnel was within the legal quotas prescribed by Congress.

   The Defendant fails to mention in their notification that such over manning of quotas

were due to their own conduct and prescriptions of service.   Such over manning of positions

being created by Defendant itself.  Now Defendant desires to correct its own conduct or

misconduct in managing those 31 career fields a and achieve those appropriate manning quotas

by terminating as a result punishing the Plaintiffs herein.   Defendant cannot or should not be

allowed to correct its own errors or misgivings through illegal terminations of the Plaintiffs

herein or in the alternative, should be required to pay damages to be suffered by the Plaintiffs

herein.

## COUNT VI

   By reason of the inappropriate terminations of the Plaintiffs by the Defendant herein such

plaintiffs will suffer extreme and dire irreparable harm.  Plaintiffs will not be able to continue or

have a career in the Navy and such advertisements of the Navy to entice people to have a career

in the Navy are misrepresentations.   Plaintiffs will be stricken from their homes by reason of the

placements made by their tour of duties which do not allow for new or other employments.

Some Plaintiffs will lose their homes because of no income and inability to obtain employment.

Plaintiffs will be unable to support their families. Plaintiffs will be unable to get the higher

classification or a longer period of pension eligibility which will represent a loss of pension

income over their lifetime after the pension enures.  Plaintiffs will be without the medical means

to support the medical needs of their families and the present dire medical needs that are in

existence at the present time, but cannot and will not be continued resulting in irreparable,

physical injury.  Plaintiffs and each of them will suffer a loss of tour duty pay, medical benefits,

pension benefits that are so extreme that they cannot be replaced at any future date in their

lifetime.

<u>**COUNT VII**</u>

That the regulations prescribing the conduct of each of the ERB members prohibits

selection of personnel which results in discrimination for any reason.  That the selection process

in itself was discriminatory in that it targeted and directed the terminations against E4's, E5s,

E6s and E7s but further targeted only those in 31 specific career fields and those sailors and

Plaintiffs who were about to reach the 15 year of service or the qualification of 15 years pension

benefits.

The defendant also discriminated against the Plaintiffs by mandating termination not only

those within the 31 career fields but further targeting only Plaintiffs in certain year groups and

"length of service cells," that said Plaintiffs also fell under and are described Exhibit B pages 6

and 13 and also in Exhibit E.  The Plaintiffs were further discriminated against as the defendant

instituted promotions of lower ranked sailors into the rankings the Defendant had terminated the

Plaintiffs from. The Defendant also failed to sufficiently offer Plaintiffs transfer into other career

fields that Defendant stated were undermanned.

In addition, the Defendant has discriminated against the Plaintiff by refusing said

Plaintiffs the opportunity to fill empty billets on sea duty. Defendant has as recently stated **a**

10,000 shortage of sailors in sea duty billets, many of said unfilled billets are in the Plaintiffs

career fields and ranks.  But, by stated policy, the Defendant has denied the Plaintiffs the right to

8

even volunteer to fill these critical shortages, many of which Defendant is now offering tens of thousands of dollars in extra bonus money as an enticement to get sufficient volunteers. Said discrimination was not only in violation of the conduct prescribed for ERB members but is in violation of the 1983 Civil Rights Act and the United States Constitution.

Said discrimination was open, egregious and carving out the Plaintiffs herein without a proper legal basis or other basis to terminate. In many instances the Navy attempted to reach back in time to try to find a point of misconduct or other improper actions of Plaintiffs in an attempt to legalize or support their illegal terminations.

### COUNT VIII

That the Plaintiffs herein are entitled to injunctive relief for the reason that they will make a strong "showing of likelihood of success on the merits"; That they have shown irreparable harm to Plaintiffs if an injunction is not granted; There is a complete lack of harm to the defendant; and in consideration of the public interest and faith in the United States Navy as being a reliable armed service for which a person can have a career but cannot be terminated on a whim of the Defendant.

WHEREFORE, Plaintiffs and each of them respectfully pray for the following:

1. That injunction be granted immediately to prohibit the Defendant from terminating the Plaintiffs herein under the ERB Release that has been directed to them;

2. That all Plaintiffs be permanently reinstated to serve their tour of duty or permanent service;

3. In the alternative, that should an injunction not be granted, and Defendant won't be enjoined and required to withdraw the terminations directed by the ERB to Plaintiffs herein, then Plaintiffs be awarded damages as follows:

4.

      a. Damages for the total loss of term of service under which they were serving;

9

b.  That housing and base allowances be awarded in damages;

c.  That loss of Tricare or medical support and benefits be awarded in damages;  and

d.  The loss of pension monies they will suffer be awarded in damages  and for such other relief as may be just and proper.

E. W. Keller, (OBA# 4918)
KELLER, KELLER & DALTON PC
210 W, Park Avenue, Suite 1110
Oklahoma City, Oklahoma 73102
(405) 235-6693
(405) 232-3301  Facsimile
E-Mail: kkd.law@coxinet.net

ATTORNEY LIEN CLAIMED

10